UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

SHANNON T. BOYLE,

        Plaintiff,

    v.

IRON COUNTY FRIEND
OF THE COURT, et al.,

        Defendants.

_____/

Case No.   2:25-cv-00162

Hon.  Jane M. Beckering
U.S. District Judge

## **REPORT AND RECOMMENDATION**

### I.  Introduction

This Report and Recommendation (R. & R.) addresses the complaint filed by Shannon T. Boyle.   Boyle filed a complaint naming the following Defendants: Iron County Friend of the Court and Agent Tina Sundelius.[1]   James Stevens is also named as a Plaintiff in the complaint.   The allegations asserted in the complaint involve James Stevens.   The entire "Statement of Claim" section is shown below:

---

[1]     Boyle has filed four other cases that fail to invoke this Court's subject matter jurisdiction and/or fail to state a claim upon which relief may be granted.   *See Boyle v. CoVantage Credit Union*, W.D. Mich. Case No. 2:25-cv-158-PLM; *Boyle v. State of Michigan Child Protective Services, et al.*, W.D. Mich. Case No. 2:25-cv-161-RJJ; *Boyle v. United States Attorney General*, W.D. Mich. Case No. 2:25-cv-173-PLM; *Boyle v. Peretto*, W.D. Mich. Case No. 2:25-cv-223-JMB.

**III.    Statement of Claim**

Write a short and plain statement of the claim.  Do not make legal arguments.  State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought.  State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed.

JAMES STEVENS HAS NOT SEEN CHILD FOR A VERY LONG TIME.

(ECF No. 1, PageID.4.)

There are no factual allegations that pertain to Plaintiff Boyle.   Accordingly, it is respectfully recommended that the Court dismiss this case due to lack of subject matter jurisdiction because Boyle has failed to assert an actionable claim and Stevens has not signed the complaint.

"As courts of limited jurisdiction, federal courts may exercise only those powers authorized by the Constitution and statute."   *Fisher v. Peters*, 249 F.3d 433, 444 (6th Cir. 2001).   Federal courts have an on-going obligation to examine whether they have subject-matter jurisdiction over an action and may raise the issue *sua sponte*. *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010); *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006).   This Court has original subject matter jurisdiction over actions that involve "federal questions" that arise under the Constitution, federal law, or treaties of the United States.   28 U.S.C. § 1331.   Ultimately, the plaintiff bears the burden of establishing that this Court has jurisdiction.   *Peterson v. City of Grand Rapids*, 182 F. Supp. 3d 750, 753 (W.D. Mich. 2016) (citing *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir.1996)).

Shannon Boyle has asserted no claims involving wrongs against him in his complaint.   His claims are on behalf of James Stevens, who has not signed the

complaint. Boyle is not an attorney and, as a *pro se* litigant, he cannot represent Stevens. *See Martin v. Fennville Pub. Sch. Dist.*, No. 1:21-CV-202, 2021 WL 5579204, at *1 (W.D. Mich. May 4, 2021) ("As a non-attorney, *pro se* plaintiff . . . cannot represent another *pro se* plaintiff"). Further, if Boyle filed a motion on behalf of Stevens, Plaintiff Boyle would be in violation of 28 U.S.C. § 1654, which provides, with emphasis added, that "[i]n all courts of the United States the parties may plead and conduct their own cases *personally or by counsel* as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." Finally, Stevens must sign his own pleadings pursuant to Fed. R. Civ. P. 11(a). On this basis alone, the case should be dismissed.

Further, Boyle has not alleged facts showing that he has standing to redress Steven's claim, assuming one exists. For a plaintiff to invoke federal jurisdiction to bring suit in the federal courts, he must demonstrate standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561–62 (1992); *Lynch v. Leis*, 382 F.3d 642, 647 (6th Cir. 2004). Standing is central to the "case-or-controversy" requirement associated with Article III of the Constitution. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). Plaintiff has the burden of demonstrating that he (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that the injury is likely to be redressed by a favorable decision. *Id.* An injury in fact is a harm suffered by a plaintiff that (1) concrete and particularized and (2) not conjectural or hypothetical. *Nader v. Blackwell*, 545 F.3d 459, 471 (6th Cir. 2008).

3

Traceability requires "a causal connection between the injury and the conduct complained of" and that the conduct not be a result of "the independent action of some third party." *Lujan*, 504 U.S. at 560.  (internal quotation marks omitted).  And for an injury to be redressable, it must be "likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision."  *Id.* at 561 (internal quotation marks omitted).

Boyle's complaint identifies no claim that pertains to him.  Boyle has failed to identify an injury in fact.  The asserted cause of action, if one exists, belongs to Stevens, and because Boyle is not an attorney, he cannot represent Stevens's interests in this case.

In addition, as alleged, the complaint fails to assert a federal cause of action. The complaint merely states that the "Friend of Court is violating all kinds of federal laws."  (ECF No. 1, PageID.3.)  The complaint does not come close to what is required to state a federal cause of action that can invoke this Court's jurisdiction.

## II.  Recommendation

Accordingly, it is recommended that the Court dismiss this case for lack of subject matter jurisdiction.

NOTICE TO PARTIES:   Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation.   28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).   Failure to file timely objections

constitutes a waiver of any further right to appeal.   *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).   *See also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated:    November 25, 2025

/s/ *Maarten Vermaat*
MAARTEN VERMAAT
U.S. MAGISTRATE JUDGE